# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Southern Division



FILED
97 OCT 14 AM 9:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 14 1997

In re: SILICONE GEL BREAST        )        Master File CV 92-P-10000-S
IMPLANT PRODUCTS LIABILITY        )
LITIGATION (MDL-926)              )        (Applies to cases listed in Appendix)

**OPINION No. 39A**
**(Remand of Listed Cases to State Court)**

The court has considered the responses filed by various parties to Order No. 39 and by this opinion indicates the basis for its entry of Order No. 39A.

1. Several of the cases listed in the Appendix to Order No. 39 had either been dismissed or remanded prior to entry of Order No. 39 (or have been dismissed since entry of Order No. 39). These cases are deleted from the Appendix to Order No. 39A.

2. Defendants Medical Engineering Corporation, Bristol-Myers Squibb Co., Baxter Healthcare Corporation, and Minnesota Mining & Manufacturing Company have objected to the remand of certain cases on the basis that there remain claims against one or more of such defendants by one or more implant plaintiffs who, based on defendants' search of the opt-out data, may not have opted out of the Lindsey class. These objections are overruled because in at least most, if not all, of these cases there are also claims against non-settling defendants, and a condition to the remand (as stated in Order No. 39 and Order No. 39A) is that plaintiffs eligible to participate in the Revised Settlement Program will be permitted to pursue claims against the settling defendants only upon a demonstration that they have timely opted out of the Lindsey class. However, as a means for assisting parties and courts in identifying cases where it is known there may be such a problem, the court has in the Appendix to Order No. 39A marked with an asterisk (*) those cases which the defendants have called to the court's attention. This court will have jurisdiction to enforce by injunctive relief, if necessary, this condition affecting remanded cases.

3. Defendants Medical Engineering Corporation, Bristol-Myers Squibb Co., Baxter Healthcare Corporation, and Minnesota Mining & Manufacturing Company, as well as health care provider defendants in certain cases removed from Pennsylvania state courts, have objected to the remand of any cases in which the plaintiffs have not responded to the MDL questionnaire. These objections are overruled because these disclosure/discovery requirements can be handled by the remand courts as efficiently as by this court. The obligation to provide such disclosure/discovery is, however, highlighted in the body of Order No. 39A.

4. Defendant Baxter Healthcare has objected to the remand of certain cases in which, according to its records, Union Carbide Corporation or General Electric Company was named as a defendant. Baxter asserts that such cases should not be remanded in the absence of evidence that the plaintiffs in those cases have agreed to forego participation in any appeals relating to those defendants (Orders No. 37 and 38). The objection is overruled. Under Order No. 39, plaintiffs were advised that, by not objecting to the proposed remand of the cases listed in the Appendix to that order, they would be deemed to have waived any participation in any such appeals, and no plaintiff filed any such objection to that condition for remand.

5. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Company have objected

2141

to the remand of six cases in which, according to the defendants, the plaintiffs have attempted to pursue essentially parallel or duplicate actions in the state courts in both New Jersey and Pennsylvania.

    (a) Two of the plaintiffs in four cases—CV 95-12996 and CV 95-19334 (Clement) and CV 95-13767 and CV 95-19334 (Hughes)—have opted into the Revised Settlement Program and will be dismissing any claims against the settling defendants. As to these four cases, the defendants' objections are moot, and the cases are included on the Appendix to Order No. 39A because of claims against other defendants.

    (b) The remaining plaintiff (Zenko) does apparently, as an optout, have claims against the movants in cases originally filed in separate state jurisdictions (CV 95-13011 and CV 95-14227), but, while not desiring to proceed with both cases, is unwilling to dismiss voluntarily the New Jersey case while there is still pending with respect to the Pennsylvania case a question as to personal jurisdiction over an implanting physician also named as a defendant. The defendants' objection to remand is overruled, and both cases will be included in the Appendix for remand, though with the expectation that ultimately only one will proceed, based on the Pennsylvania court's ruling on the jurisdictional issue.

    6. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Company have objected to the remand of six cases in which, according to the defendants, federal diversity jurisdiction exists by virtue of the fraudulent joinder doctrine.

    (a) In a multi-plaintiff case removed from Texas state court—CV 97-10276 (Bond)—defendants argue that defendant Dr. Luis Rios, who did not join in the removal, should be disregarded since he had no connection with the claims made by the 37 plaintiffs who were joined as additional plaintiffs and since claims against him by the original plaintiff were barred by the statute of limitations. The court agrees with the defendants that Dr. Rios is probably due to be disregarded and that this case should not at the present time be remanded to state court. The case has removed this case from the Appendix to Order No. 39A. The court will, however, add the case to its listing of cases that, pursuant to Order No. 40, are to be recommended to the Judicial Panel on Multidistrict Litigation for remand to federal transferor courts.

    (b) In a case removed from Michigan state court—CV 96-12465 (Ross)—defendants argue that Dow Corning was fraudulently joined as a defendant to prevent diversity. From the docket sheet and correspondence, it appears that they probably meant to argue that The Dow Chemical Company, whose principal place of business was in Michigan, was fraudulently joined. In any event, the defendants objection to remand to state court is denied, and this case is included on the Appendix to Order No. 39A.

    (c) In four cases removed from Pennsylvania state courts—CV 95-19381 (Dennico), CV 95-19359 (Dorr), CV 95-17995 (Rovine), and CV 95-13101 (Schueller)—defendants argue that claims against the Scotfoam defendants should be disregarded because this court granted summary judgment in favor of such defendants. That a defendant may be entitled to summary judgment is not the same as saying that it was fraudulently joined, nor, even if summary judgment were granted by the state court before removal, would that constitute a voluntary dismissal by a plaintiff on which to premise diversity jurisdiction removal. The defendants objection to remand to state court is denied, and these cases are included on the Appendix to Order No. 39A.

    7. Defendant Inamed has objected to the remand of any claims against it, McGhan Medical Corporation, CUI Inc., or other Inamed-related entities on the basis that such remand would be premature in the light of pending or potential motions or cases for certification of a mandatory Rule 23(b)(1)B) class

relating to such claims. The objection is denied. Should such a mandatory class be established, this court would be authorized at that time to enjoin claims against such defendants in federal or state courts.

8. Health care provider defendants in certain cases removed from Pennsylvania state courts have objected to the remand of any cases in which they have crossclaims pending against Dow Corning Corporation, as well as to the severance and administrative dismissal of such claims (albeit without prejudice and with the right to reopen such claims as and when permitted by the Bankruptcy and District Courts for the Eastern District of Michigan). These objections are denied.

This the /4th day of October, 1997.

_____
United States District Judge

Service:
    Plaintiffs' Liaison Counsel
    Defendants' Liaison Counsel

3