UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
97 OCT 17 PM 2:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

In re: SILICONE GEL BREAST )  Master File CV 92-P-10000-S
IMPLANT PRODUCTS LIABILITY )
LITIGATION (MDL-926) )  (Applies to cases listed in Appendix)

ENTERED
OCT 17 1997

OPINION No. 40A
(Suggestion to JPMDL for Remand of Listed Cases to Transferor Courts)

The court has considered the responses filed by various parties to Order No. 40 and by this opinion indicates the basis for its entry of Order No. 40A.

1. Defendants Medical Engineering Corporation, Bristol-Myers Squibb Co., Baxter Healthcare Corporation, and Minnesota Mining & Manufacturing Company have objected to the remand of certain cases on the basis that there remain claims against one or more of such defendants by one or more implant plaintiffs who, based on defendants' search of the opt-out data, may not have opted out of the Lindsey class. These objections are overruled because in at least most, if not all, of these cases there are also claims against non-settling defendants, and a condition to the remand (as stated in Order No. 40 and Order No. 40A) is that plaintiffs eligible to participate in the Revised Settlement Program will be permitted to pursue claims against the settling defendants only upon a demonstration that they have timely opted out of the Lindsey class. However, as a means for assisting parties and courts in identifying cases where it is known there may be such a problem, the court has in the Appendix to Order No. 40A marked with an asterisk (*) those cases which the defendants have called to the court's attention. This court will have jurisdiction to enforce by injunctive relief, if necessary, this condition affecting remanded cases.

2. Defendants Medical Engineering Corporation, Bristol-Myers Squibb Co., Baxter Healthcare Corporation, and Minnesota Mining & Manufacturing Company have objected to the remand of any cases in which the plaintiffs have not responded to the MDL questionnaire. These objections are overruled because these disclosure/discovery requirements can be handled by the remand courts as efficiently as by this court. The obligation to provide such disclosure/discovery is, however, highlighted in the body of Order No. 40A.

3. Defendant Baxter Healthcare has objected to the remand of certain cases in which, according to its records, Union Carbide Corporation or General Electric Company was named as a defendant. Baxter asserts that such cases should not be remanded in the absence of evidence that the plaintiffs in those cases have agreed to forego participation in any appeals relating to those defendants (Orders No. 37 and 38). The objection is overruled. Under Order No. 40, plaintiffs were advised that, by not objecting to the proposed remand of the cases listed in the Appendix to that order, they would be deemed to have waived any participation in any such appeals, and no plaintiff filed any such objection to that condition for remand.

4. Defendant Inamed has objected to the remand of any claims against it, McGhan Medical Corporation, CUI Inc., or other Inamed-related entities on the basis that such remand would be premature in the light of pending or potential motions or cases for certification of a mandatory Rule 23(b)(1)B) class relating to such claims. The objection is denied. Should such a mandatory class be established, this court would be authorized at that time to enjoin claims against such defendants in federal or state courts.

2151

5. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Co. have objected to the remand of eight cases that had been transferred from the Northern District of Texas because there are pending motions to dismiss that, according to the defendants, should be resolved by this court. This court agrees with that objection and has removed those cases from the Appendix to this order. Should this court deny the motions to dismiss, it would at that time consider adding those cases to the next list of cases to be recommended to the Judicial Panel on Multidistrict Litigation for potential remand.

6. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Co. have objected to the remand of six cases in which, according to the defendants, they are named as parties but have never been served. This objection is overruled, as the transferor court can efficiently deal with such questions after remand.

7. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Co. have objected to the remand of one case in which, according to the defendants, the plaintiff is a class member in the state-court class action (Spitzfaden) pending in the State of Louisiana. This objection is overruled, because ordinarily the pendency of claims by a plaintiff (or a member of a plaintiff class) in both state and federal courts does not mean that the federal court action should be dismissed prior to a preclusive judgment in the state court action. The transferor court, after remand, can consider whether prosecution of the federal court action should be delayed pending resolution of the state court action.

8. Defendants Medical Engineering Corporation and Bristol-Myers Squibb Co. have objected to the remand of several other cases in which, according to the defendants, the plaintiffs are also party-plaintiffs in other actions (presumably ones pending in state courts). This objection is overruled, because, as noted above, ordinarily the pendency of claims by a plaintiff in both state and federal courts does not mean that the federal court action should be dismissed prior to a preclusive judgment in the state court action. The transferor courts, after remand, can consider whether prosecution of the federal court action should be delayed pending resolution of the state court action. If this court is mistaken in believing that the "parallel" or "duplicate" actions arise by virtue of separate federal and state court actions (and not as a result of multiple federal court actions), the defendants should so advise this court during the period of the Conditional Remand Order to be issued by the Judicial Panel on Multidistrict Litigation so that this court can consider whether it should modify its recommendation for remand.

This the 17th day of October, 1997.

United States District Judge

Service:
Plaintiffs' Liaison Counsel
Defendants' Liaison Counsel

2