UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED 98 SEP 17 AM 9:50 U.S. DISTRICT COURT N.D. OF ALABAMA ENTERED SEP 17 1998

| | |
|---|---|
| In re: ) | Master File No. |
| SILICONE GEL BREAST IMPLANTS ) | CV 92-P-10000-S |
| PRODUCTS LIABILITY LITIGATION ) | |
| (MDL 926) ) | This document applies to all cases |

**Memorandum of Opinion**
(Granting Motion by Petrarch Systems, Inc. and Huls America, Inc. for Summary Judgment)

Under submission is an unopposed motion for summary judgment filed on April 14, 1998, by defendants Petrarch Systems, Inc. and Huls America, Inc. They seek summary judgment in all breast implant cases currently pending in, or later filed in, removed to, or transferred to this court in which they may be named as defendants.[1] The motion is due to be granted.

During the early 1980s Petrarch Systems, Inc., a small Pennsylvania corporation organized in 1975, sold small quantities of some silicone products to customers for use in research and development or testing purposes. It never sold silicone products to any breast implant manufacturer or raw materials supplier in sufficient quantity to have been used in the commercial production of the gel or shell of mammary prostheses, and plaintiffs have presented no evidence to indicate that any breast implant included materials that had been manufactured or sold by Petrarch. At no time did Petrarch manufacture or distribute any breast implants or participate in the design or testing of breast implants. The only connection Huls America, Inc., has to this litigation is that it is the successor to Petrarch as a result of a 1988 corporate acquisition and merger.

This court has in several opinions—most recently in August 1997 in granting summary judgment in favor of General Electric Company—considered at length the question of how the raw materials/bulk supplier doctrines are to be applied in this litigation. There is no need to repeat those discussions here. The uncontroverted facts demonstrate that Petrarch and Huls America are clearly entitled to summary judgment.

By separate order, summary judgment will be entered in favor of Petrarch Systems, Inc. and Huls America, Inc. All claims against them will be severed under Fed. R. Civ. P. 42 from other issues and

---

1. Although not named as a defendant as frequently as many other companies, the movants are parties in a substantial number of cases.

2476

claims remaining in this litigation, and the order dismissing these claims will be made final under Fed. R. Civ. P. 54(b). It is appropriate and desirable to make this determination under Rule 54(b) because this will, if not reversed on appeal, result in the dismissal of these companies in hundreds of cases and will result in shorter and less confusing trials of claims against the remaining defendants in those cases.

This the 16ᵗʰ day of September, 1998.

                                            */s/ Sam C. Pointer, Jr.*
                                            Chief Judge Sam C. Pointer, Jr.