UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | | |
|---|---|---|
| In re: | ) | |
| SILICONE GEL BREAST IMPLANT | ) | Master File No. CV 92-P-10000-S |
| PRODUCTS LIABILITY LITIGATION | ) | |
| (MDL 926) | ) | |
| | | |
| WENDY BARCELLONA, et al., | ) | |
| Plaintiffs; | ) | |
| | ) | |
| -vs.- | ) | Civil Action No. CV 93-P-11797-S |
| | ) | |
| AESTHETECH CORPORATION., et al., | ) | |
| Defendants. | ) | |
| | | |
| HELEN AARONS, et al., | ) | |
| Plaintiffs; | ) | |
| | ) | |
| -vs.- | ) | Civil Action No. CV 95-P-14638-S |
| | ) | |
| DOW HOLDINGS, INC., et al., | ) | |
| Defendant. | ) | |

FILED 98 OCT 14 PM 12:41 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED
OCT 1 6 1998

OPINION
(*Forum Non Conveniens*)

Before the court are motions to dismiss, on the ground of *forum non conveniens* ("*FNC*"), these two cases. A ruling on these motions, which were filed in the *Barcellona* case in Fall 1995 and in the *Aarons* case in Spring 1996, had been deferred while the Eleventh Circuit considered appeals in several cases in which this court had granted similar motions. Last week, in the first of those appeals to be decided (*Walker v. McGhan Medical et al.*, Court of Appeals No. 96-6119, ALN No. 94-10521), the Eleventh Circuit affirmed this court's dismissal of that case.

Each plaintiff in the cases *sub judice* is a citizen and resident of a country other than the United States, who is suing for personal injuries or derivative damages allegedly arising from breast implants implanted outside this country. The *Barcellona* case was filed as a class action in the United States District Court for the Eastern District of Michigan and, at the time of transfer to this court under 28 U.S.C. § 1407, had eleven representative implant-recipient plaintiffs who were citizens and residents of Canada, England, Germany, Ireland, or New Zealand. The *Aarons* case, initially filed in state court in Texas, was removed to

2511

the United States District Court for the Northern District of Texas and, at the time of transfer to this court under § 1407, had approximately 678 individual plaintiffs, all of whom were citizens and residents of Australia.

The issues presented by these motions have earlier been discussed at length in an opinion dated April 25, 1995. In that decision, the court dismissed on *FNC* grounds— without prejudice and subject to certain conditions specified in the opinion—certain cases that had similarly been instituted in courts in this country by foreign plaintiffs. In late December 1995 the court granted similar motions in several additional cases (including the recently-affirmed *Walker* case, involving claims by a Canadian citizen that had been filed in Texas state court before being removed to federal court and later transferred to this court). Particularly in light of the affirmance of *Walker*, this court remains convinced that *FNC* dismissal upon specified conditions is appropriate—and, indeed, that this doctrine similarly applies to the claims of the Irish and German plaintiffs in the *Barcellona* case.

Plaintiffs in both cases contend that dismissal by this court of their claims against Dow Corning and Dow Corning Wright would be improper, if not beyond the court's jurisdiction. Plaintiffs correctly assert that, in view of the pending bankruptcy proceedings involving Dow Corning and decisions of the Sixth Circuit, jurisdiction over any final disposition of such claims belongs to the United States District or Bankruptcy Court for the Eastern District of Michigan and that, given the "automatic stay" arising from such proceedings, this court could not, in effect, authorize proceedings to be instituted in other countries or impose on Dow Corning the kind of conditions that would be needed to make *FNC* dismissal appropriate.

Agreeing with the plaintiffs on this point, the court concludes that their claims against Dow Corning and Dow Corning Wright should not be dismissed on *FNC* grounds. Rather, such claims will be severed from their claims against other defendants still pending in these cases,[1] and will then be administratively closed in this court without prejudice to the pursuit of such claims in the United States District or Bankruptcy Courts for the Eastern District of Michigan in accordance with procedures established in those courts and without impairing in any way the potential rights of such plaintiffs under any plan of reorganization (such persons to be treated under such a plan as if they still had a pending lawsuit against Dow Corning or Dow Corning Wright). This court will, moreover, retain jurisdiction to vacate such administrative closings and to reopen such claims against Dow Corning on written motion if filed within 30 days after reorganization proceedings of Dow Corning are dismissed or within 30 days after the Eastern District of Michigan determines that reopening of such cases against Dow Corning is the procedure to be followed in liquidating such claims.

Plaintiffs in the *Aarons* case make an additional argument; namely, that this court should apply the state law that would have governed *FNC* motions while in state court, noting that this court earlier ruled that the initial removal of this case to federal court was improper and that the basis for the subsequent removal of this case to federal court was premised upon the "related to bankruptcy" provisions of Title 28. They are correct that, in some cases, this court, after severing claims against Dow Corning, has remanded remaining claims to state courts where the sole basis for removal was the bankruptcy of Dow Corning. Such remands were based, however, not upon a lack of jurisdiction by this court over such removed claims, but upon exercise of a statutory discretion to order remand of claims, though properly removed, when warranted. As discussed in the April 1995 opinion, federal law, rather than state law, governs the issue of *FNC* dismissals of state cases properly removed to federal court, as is the situation in the *Aarons* case. The recent affirmance

---

1. Claims by these plaintiffs, as well as all other plaintiffs in MDL-926 cases, against many defendants—*e.g.*, Bioplasty, Inc.; Corning, Inc., Foamex; General Electric Co.; Petrarch Systems; and Surgitek, Inc.—have been dismissed with prejudice through unappealed orders certified as final under Rule 54(b). Any claims that were made by these plaintiffs against The Dow Chemical Company or Dow Holdings, Inc. have previously been severed and transferred to the United States District Court for the Eastern District of Michigan, and are not affected by this order.

of the *Walker* case, which also involved a conflict between Texas state law and federal law *FNC* principles when applied to a removed case, reinforces this court's application of federal principles in deciding that question.

Counsel for two of the plaintiffs (Barbara Janet Living and Raymond Albert Living) in the *Barcellona* case have called to the court's attention that they are New Zealand residents. The May 1995 opinion concluded that certain New Zealanders—those whose alleged breast-implant injuries arose in the 1974-92 period but who did not file administrative claims by October 1992—would have no claim for relief available in New Zealand courts or tribunals, and accordingly that *FNC* dismissals might be unwarranted as to such claims. Counsel for the Livings have not, however, presented any information indicating that claims by the Livings should be excluded from FNC dismissal based on such circumstances.

After filing and briefing of these motions, Order No. 45 was entered, providing an opportunity for some foreign claimants to participate in a "Foreign Settlement Program" offered by Bristol, Baxter, and 3M to eligible foreign claimants. The instant order, granting defendants' FNC motions, does not preclude plaintiffs or putative class members in these two cases from participating, if and to the extent otherwise eligible under the terms of Order No. 45, in the settlement offers made to foreign claimants by such companies.

After filing and briefing of these motions, Order No. 47 has also been entered, provisionally certifying a mandatory limited-fund class settlement of all claims—by both domestic and foreign claimants—against McGhan Medical Corp., INAMED Corp., CUI Corp., and their subsidiaries and principals and that temporarily enjoining further proceedings against those entities and persons. In view of this development, it is appropriate that, rather than dismissing such claims on FNC grounds, the court should order that, pending a hearing as to whether such proposed settlement should be approved, such claims should be severed and administratively closed, without prejudice to the pursuit of such claims in the pending class settlement of such claims (and with the same rights under any such settlement as if they still had a pending lawsuit against such companies and individuals). Moreover, this court will retain jurisdiction to vacate such administrative closings and reopen such claims on request (though subject to a renewal of *FNC* motions) if that pending class settlement should not be approved.

For the reasons stated in the April 1995 opinion and in this opinion, the current motions to dismiss will be denied in part and granted in part by separate orders, made final under Fed. R. Civ. P. 54(b), as follows:

(1) Claims in these cases against Dow Corning Corporation and Dow Corning Wright, Inc. will be severed from claims against all other defendants still pending in these cases and will then be administratively closed in this court without prejudice to the pursuit of such claims in the United States District or Bankruptcy Courts for the Eastern District of Michigan in accordance with procedures established in those courts and without impairing in any way the potential rights of such plaintiffs under any plan of reorganization (such persons to be treated under such a plan as if they still had a pending lawsuit against Dow Corning or Dow Corning Wright). This court will, moreover, retain jurisdiction to vacate such administrative closings and to reopen such claims against Dow Corning on written motion if filed within 30 days after reorganization proceedings of Dow Corning are dismissed or within 30 days after the Eastern District of Michigan determines that reopening of such cases against Dow Corning is the procedure to be followed in liquidating such claims.

(2) Any pending claims in these cases against McGhan Medical Corp., INAMED Corp., CUI Corp., and their subsidiaries and principals will be severed and administratively closed, without prejudice to the pursuit of such claims in a pending class settlement of such claims (and with the

same rights under any such settlement as if they still had a pending lawsuit against such companies and individuals). Moreover, this court will retain jurisdiction to vacate such closings and reopen such claims on request if that pending class settlement should not be approved.

(3)   Claims against each other defendant that, as of the date of this order, were still pending in these cases in this court will be dismissed on FNC grounds, but, with respect t the plaintiffs in these two cases, each such defendant—

(A)   will submit to the jurisdiction of, and accept service of process from, appropriate tribunals of Canada, England, Germany, Ireland, and New Zealand, respectively, regarding breast-implant claims relating to implantations performed in those countries;

(B)   will, if so served, be bound to pay final judgments rendered against it by such tribunals relating to such claims;

(C)   will not, in raising any statute of limitations or similar defense in such tribunals, include the period that these two actions were pending against it; and

(D)   will not object to evidence offered in such tribunal that, if offered in federal courts of the United States, would have been admissible against it.

(4)   This order will not affect in any respect the right, if any, of any plaintiff or putative class member in these cases to participate, if and to the extent otherwise eligible, in the Foreign Settlement Program offered by Bristol-Myers, Baxter, and 3M.

This the __14th__ day of October, 1998.

_____
United States District Judge

4