FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Southern Division

98 DEC 22 AM 10: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

In re:                                         )
                                               )
SILICONE GEL BREAST IMPLANTS                   )    Case No. CV 92-P-10000-S
PRODUCTS LIABILITY LITIGATION                  )
(MDL 926)                                      )

ENTERED

DEC 2 3 1998

## ORDER 31*l*
### (Protocol for Discovery Depositions)

The court hereby establishes (subject to revision as circumstances warrant) the following procedural protocol to govern the "discovery" depositions of the members of the National Science Panel. The court anticipates that in due course, after consulting with counsel for the parties and the panelists, it will establish an additional procedural protocol for the videotaped "trial perpetuation" depositions of the panelists.

1.    By 5:00 p.m., CST, December 22, 1998, counsel for the plaintiffs and for the defendants will, by FAX transmission to Mr. Kobayashi and Ms. Leonard as counsel for the panelists (and with a FAX copy to the court and to opposing counsel), submit in simple non-legalistic letter-format any request they may have for production of any documents within the possession of the panelists that would be needed by the parties in preparing for the discovery and trial-perpetuation depositions of the panelists and that are not otherwise available to the parties.

(a)    It is anticipated that among the items to be requested will be information regarding communications panelists may have had with authors or reviewers of articles, studies, etc. considered by the panelists in the process of preparing their report. To the extent unavailable in documentary form, the panelists will provide a descriptive statement of such communications.

(b)    The court expects counsel for the parties and the panelists to confer promptly in a good faith effort to resolve informally any disputes as to the scope and meaning of any such requests, and as to the timing and format of responses to those requests. The court will be available to give immediate attention to any disputes not so resolved.

(c)    The court expects that any subsequent requests from the parties for any further documentary production from the panelists would be permitted only for good cause shown—for example, that the existence of some other relevant document, which a party could not reasonably have anticipated, becomes known during the taking of the discovery depositions.

2.    By January 6, 1999, the court, after further consultation with Mr. Kobayashi and Ms. Leonard regarding the availability of the panelists, expects to announce a time and place for the discovery depositions of the panelists.

(a)    The depositions of all four panelists should occur at the same place and during the same time period, with every effort being made to schedule these discovery depositions during February 1999.

(b)    By a date to be specified by the court, not less than 20 days before the date these

2571

depositions are to commence, counsel for the plaintiffs and for the defendants should, by FAX transmissions to Mr. Kobayashi and Ms. Leonard (and with a FAX copy to the court and to opposing counsel), state by letter the questions they would seek to ask during the discovery depositions (i) of each panelist and (ii) of particular panelists, including an appropriate reference to any articles, studies, etc. involved in the question.

(1)     This requirement for disclosure of potential questions in advance of the discovery depositions should be understood in the light of the facts that (A) the principal purpose of the discovery depositions will be to obtain clarifying and additional information that the parties may need before participating in the trial-perpetuation depositions and (B), in order to provide the most useful and complete responses, the panelists will likely need to consult and review various materials in advance of the depositions.

(2)     If a question involves an inquiry about an article, study, etc. not shown as a reference in, or mentioned in, the panel's Report, a legible hard-copy of the article, study, etc. shall be simultaneously forwarded to Mr. Kobayashi and Ms. Leonard for re-transmission to the panelists. This requirement applies whether or not the article, study, etc. may have been previously identified and submitted to the Panel as one of arguable significance. The court encourages the parties to also transmit a computer-readable copy of such materials.

(3)     The court does not expect or require the parties, in the framing of questions, to anticipate all follow-up questions that, depending on the answers given, might be appropriate. Nor will the court limit the parties to the precise language of the suggested questions. However, the court does expect that the questions will fairly indicate the nature and scope of the proposed inquiry so that the panelists may appropriately prepare themselves for the examination.

(4)     The court hopes that there will be no request by either side to supplement its listing of potential questions. Any such request should be exchanged with opposing counsel, with counsel for the panelists, and with the court just as soon as possible. The court will, after consulting with counsel for the parties and for the panelists, determine whether, in light of the time remaining before the deposition and the nature of the question, the question might properly be added to those allowed during the deposition.

(5)     The court may, during the deposition for good cause, grant leave for counsel to ask questions dealing with subjects not disclosed in advance of the depositions, but with due regard being given to whether a panelist appears to be prepared to respond to the question notwithstanding the lack of prior disclosure.

(6)     Counsel for parties in cases that are pending in other state or federal courts should promptly advise Ralph Knowles (on behalf of plaintiffs) or Richard Eittreim (on behalf of defendants) if they have questions which they suggest should be asked of the panelists during the discovery depositions. In suggesting questions, counsel should keep in mind that the principal purpose of the discovery depositions is not so much to "cross examine" the panelists as to obtain information that might be needed for the later examination of the panelists during the videotaped trial-perpetuation depositions.

(7)     The court expects counsel for the parties and the panelists to confer promptly in a good faith effort to resolve informally any disputes as to the scope and meaning of any such questions, or objections thereto. The court will be available to give immediate attention to any disputes not so resolved.

3.     The discovery depositions will be conducted according to the following procedures:

(a)     The discovery depositions will be transcribed stenographically by a court reporter, and will

not be videotaped.

(b)     The undersigned will preside at the depositions to insure that the depositions are conducted expeditiously, fairly, and consistent with the principles stated in Fed. R. Civ. P. 30(d). The court notes that objections are usually unnecessary and ordinarily will not be permitted except to challenge the form of the question, to claim a privilege, or to assert that the question has already been answered or is outside the fair scope of the questions disclosed in advance of the depositions. The court reminds counsel that the principal purpose of these discovery depositions is not so much to "cross examine" the panelists as to obtain information that might be needed by them for the later cross-examination of the panelists during their videotaped trial perpetuation depositions.

(c)     For each panelist to be deposed, there will be one principal examiner for the plaintiffs and one for the defendants. Any requests for additional non-repetitive examination by other counsel will  be considered by the court for good cause shown, but considering the admonition under paragraph 2(b)(6) for other counsel to submit suggestions as to questions in advance of the deposition.

(d)     Each side should complete its examination of a panelist in no more than three hours. The court encourages each side to complete its examination of a panelist in less than this time and will consider a request for additional time only when clearly warranted.

(e)     Each panelist will be permitted to be present while the other panelists are being examined.

(f)     The court anticipates that there may be many questions that can most helpfully and expeditiously be answered by having all four panelists available to respond to the question at essentially the same time. In advance of the depositions the court will, in consultation with counsel for the parties and for the panelists, review the proposed questions to determine which of them might best be responded to through a "joint deposition" format. The court will determine how the time spent in jointly deposing the panelists should be "charged" against the time allowed under in paragraph 3(d) above.

This the 21st day of December, 1998.

United States District Judge

Serve:      Designated counsel for parties
by email    Counsel for panelists
            Panelists

Post on website

3